1  Stanley Goff, Bar No. 289564
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4
5  Attorney for Plaintiffs Kevin De Carlo and
   Patricia Whitaker
6
7              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| KEVIN DE CARLO and PATRICIA WHITAKER<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF VALLEJO, et al.<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>EXCESSIVE FORCE, DELIBERATE INDIFFERENCE PURSUANT TO [42 U.S.C. § 1983];<br><br>BATTERY, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA BANE ACT |

**DEMAND FOR JURY TRIAL**

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983, and because the incident in question took place in the City of Martinez, located in Contra Costa County.

**I. PARTIES**

2. Plaintiffs Kevin De Carlo and Patricia Whitaker bring an action for the above-mentioned federal and state causes of action against all Defendant parties.

3. The City of Vallejo is a public entity, subject to the laws of the State of California and the employs the Defendant officers in this case.

4. Defendant Vallejo Police Officer Tonn was at all times relevant to this complaint employed as law enforcement officer employed by the City of Vallejo when he engaged in the acts leading to the Plaintiffs' injuries. This Defendant officer is being sued in his official and individual capacity.

5. Defendant Vallejo Police Officer Barreto was at all times relevant to this complaint employed as law enforcement officer employed by the City of Vallejo when he engaged in the acts leading to the Plaintiffs' injuries. This Defendant officer is being sued in his official and individual capacity.

6. Defendant Vallejo Police Officer Kenny was at all times relevant to this complaint employed as law enforcement officer employed by the City of Vallejo when he engaged in the acts leading to the Plaintiffs' injuries. This Defendant officer is being sued in his official and individual capacity.

7. Defendant DOE Vallejo Police Officers were at all times relevant to this complaint employed as law enforcement officers employed by the City of Vallejo when they engaged in the acts leading to the Plaintiffs' injuries. These Defendant officers are being sued in their official and individual capacities.

8. That at all times mentioned in this complaint, all Defendants acted under color of law regarding their conduct.

## II. STATEMENT OF FACTS

9. On May 31, 2017 at approximately 10:00 p.m., the Plaintiffs Kevin De Carlo and Patricia Whitaker were driving in an unincorporated area of Contra Costa County in the City of Martinez.

10. The named Defendants who are members of the Vallejo Police Department were attempting to locate Plaintiff Kevin De Carlo in order to place him under arrest, and they traced his whereabouts to the area identified in paragraph 9 of this complaint.

11. The Plaintiffs subsequently observed an unmarked white pick-up truck (later identified as Vallejo Police Department issued vehicle) driving directly towards their vehicle at a high-rate of speed.

12. The vehicle driven by the Plaintiffs and the truck collided and the impact forced the Plaintiffs' vehicle into a three-foot ditch, with the nose of the car faced down into the ditch.

13. As a result of the Plaintiffs' vehicle being stuck in the ditch, the car was no longer operable.

14. The Plaintiffs Kevin De Carlo and Patricia Whitaker then observed a series of blue and red lights that indicated to them that Plaintiff Kevin De Carlo was being placed under arrest.

15. While inside the vehicle, stuck face down in the three-foot ditch. The Plaintiffs decided that it would be wise to raise their hands up in surrender to the authorities.

16. Once this decision was made to surrender, both of the Plaintiffs remained stationary, and put their hands in the air while remaining otherwise motionless, awaiting the officers orders as to what they wanted them to do next.

17. While the Plaintiffs had their hands up in surrender and remained motionless inside the vehicle, both Plaintiffs observed the Defendants open fire on them with their firearms.

18. No verbal commands were ever given to either of the Plaintiffs by any of the Defendants before the Defendants opened fire on the Plaintiffs.

19. As a result of the Defendants conduct, Plaintiff Kevin De Carlo was shot multiple times and sustained the following injuries: Four broken ribs; a collapsed lung; a bullet grazed temple; the amputation of a finger and a thumb; the severe injury of two other fingers.

20. The Plaintiffs submitted a tort claim form against the City of Vallejo and this tort claim was subsequently rejected.

### FEDERAL CAUSE OF ACTION

**Plaintiff Kevin De Carlo v. Defendant Officers (Federal Constitutional Claims)**

*Excessive Force*

21. Defendant Officers Tonn, Barreto and Kenny violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when they observed that the Plaintiff's car was stuck face down in a three-foot ditch, the Plaintiff had his hands up in surrender and sat motionless, and they opened fired upon the Plaintiff, shooting him multiple times.

22. That at the time the Plaintiff was shot by the Defendants, he was no longer resisting, posing any threat or trying to evade arrest.

23. That at the time the Plaintiff was shot by the Defendants, his car was stuck face down in a three-foot deep ditch and the vehicle was no longer operable.

24. That at the time the Plaintiff was shot by the Defendants, his hands were raised up in surrender and that he remained still and motionless so as not to pose any threat while surrendering.

25. That the Defendants never issued any warnings or any other verbal commands before they opened fire on the Plaintiff and Patricia Whitaker.

26. That the Defendants used excessive force upon the Plaintiff's person by opening fire on him after the Plaintiff had his hands up in surrender.

27. That this excessive force caused the Plaintiff to suffer severe injuries as well as severe emotional distress and that this level of force used against the Plaintiff's person was not reasonable or provoked.

**Plaintiff Patricia Whitaker v. Defendant Officers (Federal Constitutional Claims)**

*Excessive Force*

28. Defendant Officers Tonn, Barreto and Kenney violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when they observed that the Plaintiff's car was stuck face down in a three-foot ditch, the Plaintiff had her hands up in surrender and sat motionless, and they open fired upon the Plaintiff, shooting at her multiple times.

29. That at the time the Plaintiff was being fired upon by the Defendants, she was not resisting, posing any threat or trying to evade arrest or detention.

30. That at the time the Plaintiff was fired upon by the Defendants, the car she was a passenger in was stuck face down in a three-foot deep ditch and the vehicle was no longer operable.

31. That at the time the Plaintiff was fired upon by the Defendants, her hands were raised up in surrender and that she remained still and motionless, so as not to pose any threat while surrendering.

32. That the Defendants never issued any warnings or any other verbal commands before they opened fire on the Plaintiff.

33. That the Defendants used excessive force upon the Plaintiff's person by opening fire on her after Kevin De Carlo and the Plaintiff already had their hands up in surrender and were not resisting, evading or delaying their arrest.

34. That this excessive force caused the Plaintiff to suffer a violation of her civil rights as well as severe emotional distress and that this level of force used against the Plaintiff's person was not reasonable.

**Plaintiff Kevin De Carlo v. Defendant Officers (Federal Constitutional Claims)**

*Deliberate Indifference*

35. The Defendants violated the Plaintiff's rights under the Fourteenth Amendment for not rendering him medical aid for over 40 minutes after shooting him multiple times.

36. That the Defendants placed the Plaintiff in danger when they intentionally shot him.

37. That the shooting of the Plaintiff by the Defendants exposed the Plaintiff to "an actual, particularized danger, leading to the Plaintiff's injuries that were indeed foreseeable.

38. That there was deliberate indifference on the part of the Defendants regarding the Plaintiffs need for medical assistance because the officers had notice that the Plaintiff was

suffering from multiple gun shot wounds based on a dangerous situation that the Defendants created.

39. That the Defendants failed to render any medical aid to the Plaintiff for over 40 minutes as the Plaintiff was lying on the ground bleeding from his wounds, which exacerbated his harm suffered, and placed the Plaintiff in a worse position than he was other wise in.

## STATE CAUSES OF ACTION

### Plaintiff Kevin De Carlo v. Defendant Officers (State Claims)

*Battery*

40. Defendant Officers Tonn, Barreto and Kenney committed a battery upon the Plaintiff's person, when they observed that the Plaintiff's car was stuck face down in a three-foot ditch, the Plaintiff had his hands up in surrender and sat motion less, and they opened fired upon the Plaintiff, shooting him multiple times.

41. That at the time the Plaintiff was shot by the Defendants, he was no longer resisting posing any threat or trying to evade arrest.

42. That at the time the Plaintiff was shot by the Defendants, his car was stuck face down in a three-foot deep ditch and the vehicle was no longer operable.

43. That at the time the Plaintiff was shot by the Defendants, his hands were raised up in surrender and that he remained still and motionless so as not to pose any threat while surrendering.

44. That the Defendants never issued any warnings or any other verbal commands before they opened fire on the Plaintiff after the vehicle he was driving was stranded and inoperable in a three-foot deep ditch.

45. That the Defendants used excessive force upon the Plaintiff's person by opening fire on him after the Plaintiff already had his hands up in surrender, causing the Plaintiff to suffer severe injuries as well as severe emotional distress, and that this level of force used against the Plaintiff's person was not reasonable.

46. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

47. Defendant Officers Tonn, Barreto and Kenney as public employees, are not exonerated or immune from liability for the act of committing a battery upon the Plaintiff's person pursuant to California Government Code Section 820.8.

**Plaintiff Kevin De Carlo v. Defendant City of Vallejo (State Battery Claim)**

48. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

**Plaintiff Patricia Whitaker v. Defendant Officers (State Battery Claim)**

49. Defendant Officers Tonn, Barreto and Kenney committed a battery upon the Plaintiff's person, when they observed that the car the Plaintiff was a passenger in, was stuck face down in a three-foot ditch, the Plaintiff had her hands up in surrender and sat motion less, and they opened fired upon the Plaintiff.

50. That at the time the Plaintiff was fired upon by the Defendants, she was not resisting, posing any threat or trying to evade arrest.

51. That at the time the Plaintiff was fired upon by the Defendants, her hands were raised up in surrender and that she remained still and motionless, so as not to pose any threat while surrendering.

52. That the Defendants never issued any warnings or any other verbal commands before they opened fire on the Plaintiff after the vehicle she was a passenger in, was stranded and inoperable in a three-foot deep ditch.

53. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

54. Defendant Officers Tonn, Barreto and Kenney as public employees, are not exonerated or immune from liability for the act of committing a battery upon the Plaintiff's person pursuant to California Government Code Section 820.8.

**Plaintiff Patricia Whitaker v. Defendant City of Vallejo (State Battery Claim)**

55. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

**Plaintiff Kevin De Carlo v. Defendant Officers**

**(Intentional Infliction of Emotional Distress Claim)**

56. Based on the facts stated above, it is alleged that Defendant is also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

57. That the Defendants opening fire on the Plaintiff after he had his hands up in surrender, and without issuing a verbal warning or command was outrageous;

58. That the Defendants intended to cause the Plaintiff emotional distress, when they opened fire on the Plaintiff, subsequently shooting him multiple times.

59. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer an emotional distress to the same extent as a private person pursuant to California Government Code Section 820(a).

60. Defendant Officers Tonn, Barreto and Kenney as public employees are not exonerated or immune from liability for the act of committing intentional infliction of emotional distress upon the Plaintiff's person pursuant to California Government Code Section 820.8.

**Plaintiff Kevin De Carlo v. Defendant City of Vallejo**
**(Intentional Infliction of Emotional Distress)**

61. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

**Plaintiff Patricia Whitaker v. Defendant Officers**
**(Intentional Infliction of Emotional Distress Claim)**

62. Based on the following it is alleged that Defendant is also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

63. That the Defendants opening fire on the Plaintiff, after she had her hands up in surrender, and without issuing a verbal warning or command was outrageous;

64. That the Defendants intended to cause the Plaintiff emotional distress, when they opened fire on the Plaintiff, intentionally shooting in her direction multiple times.

65. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer an emotional distress to the same extent as a private person pursuant to California Government Code Section 820(a).

66. Defendant Officers Tonn, Barreto and Kenney as public employees are not exonerated or immune from liability for the act of committing intentional infliction of emotional distress upon the Plaintiff's person pursuant to California Government Code Section 820.8.

**Plaintiff Patricia Whitaker v. Defendant City of Vallejo**
**(Intentional Infliction of Emotional Distress)**

67. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

**Plaintiff Kevin De Carlo v. Defendant Officers (State Negligence Claim)**

68. By virtue of the foregoing, Defendant Officers Tonn, Barreto and Kenney owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, or to cause him to suffer a battery, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

69. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

70. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

71. Defendant Officers Tonn, Barreto and Kenney as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

**Plaintiff Kevin De Carlo v. Defendant City of Vallejo (State Negligence Claim)**

72. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

**Plaintiff Patricia Whitaker v. Defendant Officers (State Negligence Claim)**

73. By virtue of the foregoing, Defendant Officers Tonn, Barreto and Kenney owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, or to cause him to suffer a battery, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

74. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

75. Defendant Officers Tonn, Barreto and Kenney are liable for all injuries caused by their acts, causing the Plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

76. Defendant Officers Tonn, Barreto and Kenney as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

**Plaintiff Patricia Whitaker v. Defendant City of Vallejo (State Negligence Claim)**

77. Because all of the Defendant officers were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because the individual defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Defendant City of Vallejo is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

**Plaintiff Kevin De Carlo v. Defendant Officers (52.1. Civil Rights Violation)**

78. The Defendant Officers Tonn, Barreto and Kenney interfered with the Plaintiff's Fourth amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when they opened fire upon the Plaintiff, causing his injuries.

79. That upon observing the Defendants shooting him, the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that the Defendant officers would commit violence against him.

80. That the Defendant officers injured the Plaintiff to prevent him from exercising these rights.

81. That the Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by Defendants; and

82. Defendant Officers Tonn, Barreto and Kenney shooting the Plaintiff to prevent him from exercising his rights was a substantial factor in causing his harm.

**Plaintiff Patricia Whitaker v. Defendant Officers (52.1. Civil Rights Violation)**

83. The Defendant Officers Tonn, Barreto and Kenney interfered with the Plaintiff's Fourth amendment right to be free from the unlawful seizure of her person through the exercise of excessive force when they opened fire upon the Plaintiff, causing severe emotional distress.

84. That upon observing the Defendants shooting at her, the Plaintiff reasonably believed that if she exercised her right to be free from the unlawful use of this excessive force upon her person, that the Defendant officers would commit violence against her.

85. That the Defendant officers injured the Plaintiff to prevent her from exercising these rights.

86. That the Plaintiff was harmed because she suffered severe emotional stress as a result of the violent acts imposed on her by the Defendants; and

87. The Defendant Officers' shooting at the Plaintiff to prevent her from exercising her rights was a substantial factor in causing her harm.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;
2. For punitive damages according to proof as to each defendant officer;
3. Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;
4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: January 4, 2017

/S/ STANLEY GOFF

Stanley Goff Esq.,
Attorney for Plaintiffs Kevin De Carlo and Patricia Whitaker